UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                        No. 01-4818

REGINALD J. FIELDS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-01-54)

Submitted: September 18, 2002

Decided: November 18, 2002

Before MICHAEL and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Frank W. Dunham, Jr., Federal Public Defender, Michael S. Nach-manoff, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Laura M. Ever-hart, Assistant United States Attorney, Norfolk, Virginia, for Appel-lee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Reginald J. Fields appeals his conviction and seventy-eight month sentence following his guilty plea to possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (2000). Fields's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), questioning whether: (1) the district court failed to comply with the requirements of Fed. R. Crim. P. 11 in accepting Fields's guilty plea; (2) defense counsel was ineffective for failing to object to the drug quantity used to calculate Fields's base offense level; and (3) the district court violated *U.S. Sentencing Guidelines Manual* ("USSG") § 5K1.2 (2000) by considering Fields's lack of cooperation with the Government in setting his sentence. Counsel concedes, however, that there are no meritorious issues for appeal.

In response, Fields filed a pro se supplemental brief, claiming that (1) the district court abused its discretion in not allowing him to address the court prior to sentencing or to object to the findings contained in the presentence report ("PSR"); (2) trial counsel rendered ineffective assistance; (3) the district court erred in calculating his criminal history points; and (4) the Government falsely stated that the drug quantity was 80.7 grams rather than 121 grams. Finding no reversible error, we affirm.

Because Fields did not move to withdraw his guilty plea in the district court, we review his challenges to the Rule 11 proceeding for plain error. *See United States v. Martinez*, 277 F.3d 517, 524-27 (4th Cir.), *petition for cert. filed,* (Apr. 10, 2002) (No. 02-5170). We have reviewed the plea hearing and the colloquy that the lower court undertook with Fields and find the court fully complied with Rule 11 and that Fields's plea was knowing and voluntary. Additionally, we find no merit to Fields's claim that the district court erred by failing to inform him of his right to challenge the search and seizure leading to

his arrest on Fourth Amendment grounds. Rule 11 does not impose such a requirement.

We decline to review Fields's claims of ineffective assistance of counsel, finding that the claims are not cognizable on direct appeal. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, the presumptive rule is that ineffective assistance of counsel claims must be pursued in a 28 U.S.C. § 2255 (2000) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. A review of the record does not conclusively establish that Fields received ineffective assistance of counsel.

We further find that the district court did not violate the policy statement set forth in USSG § 5K1.2 based on any allegedly improper consideration of Fields's lack of cooperation with the Government in setting his sentence. Part K of the Guidelines sets forth various policy statements to aid courts in determining when a departure from the guideline range is appropriate. Section 5K1.2 provides that "[a] defendant's refusal to assist authorities in the investigation of other persons may not be considered as an aggravating sentencing factor." The record reveals that the district court did not depart from the sentencing guidelines range on this, or any other, ground. Thus, we find this claim clearly lacks merit.

Additionally, to the extent that Fields is challenging the district court's exercise of discretion in sentencing him to seventy-eight months of imprisonment, we note that the sentence is within the guideline range and is below the statutory maximum sentence of twenty years. *See* 21 U.S.C. § 841(b)(1)(C) (2000) (setting forth statutory maximum). Because the sentence does not exceed the maximum allowed by the Guidelines or statute, we will not review it on appeal. *See United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990) (finding challenge to court's exercise of discretion in setting a sentence within a properly calculated guideline range not addressable on appeal).

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We further find no merit

to the claims raised in Fields's pro se supplemental brief. We therefore affirm Fields's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*